UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-22-554 |
| | § | |
| v. | § | |
| | § | |
| PATRICK GORENA, | § | JUDGE DAVID HITTNER |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar Hamdani, United States Attorney for the Southern District of Texas, Richard D. Hanes, Assistant United States Attorney, Corey Amundson, Chief, Public Integrity Section, Criminal Division of the Department of Justice, and Lauren Castaldi, Trial Attorney, and the defendant, Patrick Gorena ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count Two of the Indictment. Count Two charges Defendant with Extortion Under Color of Official Right, in violation of Title 18, United States Code, Section 1951. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to

the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1951, is imprisonment of not more than 20 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years. *See* Title 18, United States Code, sections 3559(a) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order,

payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Waiver of Appeal and Collateral Review

4. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.  Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

5. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received

from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

7. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count Two of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing;

(b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a)

4

is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas and Public Integrity Section Only

8. The United States Attorney's Office for the Southern District of Texas and the Public Integrity Section agree that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas, the Public Integrity Section and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas and the Public Integrity Section will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

    (a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute or should the Court order any or all of the sentences imposed to run

6

consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

11. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

> (a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

> (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

> (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

12. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count Two of the Indictment. If this case were to proceed to trial, the

United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

At all times pertinent to the below recitation of facts, Defendant Patrick GORENA was a Border Investigator for the Federal Motor Carrier Safety Administration (FMCSA) of the United States Department of Transportation, operating out of Weslaco, Texas. FMCSA was established within the United States Department of Transportation (US DOT) primarily to prevent commercial motor vehicle-related fatalities and injuries. As part of this mission, the FMCSA employs Border Investigators to review the books and records of companies that operate with a US DOT number. Civil penalties may be assessed against companies that are not in compliance with Federal Motor Carrier Safety Regulations. By virtue of the GORENA's position, he was a public official.

On July 20, 2022, GORENA arrived at the office of an employee for Pearsall Recycle Center in Eagle Pass, Texas to perform a safety audit of the company's records. Pearsall Recycle Center is a company registered with the US DOT, operating in interstate commerce, owned by a Mexican national and physically located in Pearsall, Texas with its records kept in Eagle Pass, Texas. At the conclusion of his review, GORENA told the employee that Pearsall Recycle Center would be fined $15,000 and the company's operations would be suspended as a

result of violations he had identified during the course of his audit. GORENA then stated that in exchange for the payment of $3,500, he would be willing to provide a more favorable report which would allow Pearsall Recycle Center to avoid the fines and suspension of operations. The employee advised GORENA that they had to consult with the owner of the business before they could commit to anything.

On July 22, 2022, the employee texted GORENA advising that the owner of Pearsall Recycle Center had agreed to pay the $3,500 demanded by GORENA in exchange for a positive audit review. In response, GORENA texted, "I'm going to cite the violation I found but, with none of them being critical. So that outcome will not be rated... Anyway, I'll be in Houston Monday afternoon until Wednesday evening. If [Pearsall Recycle Center] wants to make this happen like you say then we'll figure it out. I'll do my part and keep my word. I need you to do the same please. Don't mention anything to anyone and don't ever mention me for whatever reason." Later that same day GORENA texted, "Oh and there won't be a possibility of shut down either way. The only thing avoided here are the fines and rating which could be very high. That in itself is a huge help to the carrier. An unsatisfactory rating would trigger what happened in the past [suspension of operations]. That's not gunna happen here."

On or about July 25, 2022, GORENA texted Pearsall Recycle Center's

9



employee asking, "What's the plan?" Later the same day, GORENA texted "Well let me know what up cause I'm supposed to upload this report by tomorrow night." On July 26, 2020, at the direction of law enforcement, Pearsall Recycle Center's employee texted GORENA, that the owner of Pearsall Recycle Center is "in the process of getting the 3500 for you." The same day, GORENA texted, "We'll find out if he can have it in McAllen by Friday at noon. . . . I can push it back til then." He also wrote "Quit putting the numbers!... It's like you are trying to get me in trouble." Later that day, GORENA texted, "And Friday is the last day. I can't sit any longer. Boss is asking me about it already." At the direction of law enforcement, the record keeper texted GORENA, "Turn it in with the favorable outcome." GORENA responded by text, "Yes that's the plan. There gonna be some stuff on there but, not anything major. Just smoke clouds. Lol."

On July 28, 2022, the Pearsall Recycle Center's employee put GORENA in contact with an undercover law enforcement officer posing as an associate of Pearsall Recycle Center who would deliver the bribe money to GORENA. GORENA and the undercover officer agreed to meet in McAllen, Texas, on July 30, 2022, for the delivery of the money.

On July 30, 2022, GORENA met the undercover officer at a mall in the McAllen area where he passed to GORENA's the bribe money totaling $2,000, an

amount the undercover officer negotiated down from the original $3,500 which GORENA had demanded.

On August 10, 2022, GORENA submitted the report of the audit which he had conducted of Pearsall Recycle Center's records in which he gave the company a satisfactory rating.

On August 12, 2022, agents from DOT-OIG and FBI confronted GORENA with video of the money exchange between GORENA and the undercover officer after which GORENA admitted that he took money in exchange for "leniency" in his audit report of Pearsall Recycle Center.

## Breach of Plea Agreement

13. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to

this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

14. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution

and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

18. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

19. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

20. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

21. Subject to the provisions above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

22. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

23. This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

24. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ___JANUARY 13___, 2022̶3

_____
x
Defendant PATRICK GORENA

Subscribed and sworn to before me on ___JANUARY 13___, 2022̶3

NATHAN OSCHNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

ALAMDAR HAMDANI
United States Attorney

_____
RICHARD D. HANES
Assistant United States Attorney
Southern District of Texas

_____
RICARDO SALINAS
Attorney for Defendant

COREY R. AMUNDSON
Chief, Public Integrity Section
U.S. Department of Justice

_____
LAUREN CASTALDI
Trial Attorney, Public Integrity Section
U.S. Department of Justice

15

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | CRIMINAL NO. H-22-554 |
| | § | |
| v. | § | |
| | § | |
| PATRICK GORENA, | § | JUDGE DAVID HITTNER |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____  1/13/2023
Attorney for Defendant          Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

X _____     1/13/2023
Defendant                              Date